Neil A. McTAGGART, Manufacturers National Bank, and Al Hunter, Banking Officer, Petitioners,

v.

UNITED STATES of America and Gary Aidem, Special Agent of the Internal Revenue Service, Respondents.

Civ. A. No. 83–CV–1483–DT.

United States District Court, E.D. Michigan, S.D.

Aug. 30, 1983.

Neil A. McTaggart, pro se.

Mark R. Werder, Asst. U.S. Atty., Detroit, Mich., Ronald F. Fischer, Trial Atty., Dept. of Justice, Washington, D.C., for respondents.

## MEMORANDUM OPINION AND ORDER DENYING PETITION TO QUASH SUMMONS AND GRANTING SUMMARY ENFORCEMENT OF INTERNAL REVENUE SUMMONS

JULIAN ABELE COOK, Jr., District Judge.

Neil A. McTaggart, Manufacturers National Bank, and Al Hunter, Banking Officer, commenced this action by filing a Petition to Quash Summons with the Court on April 20, 1983. On June 28, 1983, the Respondents filed a Response with the Court, as well as a Motion for Summary Enforcement and for an Award of Attorneys' Fees and Costs, which is currently before the Court for a determination.

In support of their Petition, the Petitioners argue that this Court should quash the summons issued on April 1, 1983 to Manufacturers National Bank because (1) the summons "states that it is issued under authority of the Internal Revenue Code but fails to make clear what section or sections of that voluminous code to which it is directed, (2) the Respondent is not proceeding in this action with a legitimate purpose but instead is conducting a fishing expedition, (3) the enforcement of [the] summons would constitute an invasion of privacy," and (4) the Respondent has acted both in word and in fact in "bad faith."

The Respondent argues, in support of its Motion, that (1) the Petition fails to state a claim upon which relief may be granted, (2) service of process was insufficient, thus the Court is without personal jurisdiction over Respondent, (3) the purported Petitioners, Manufacturers National Bank and Al Hunter, are not proper parties to this action, (4) the Petition fails to conform to Rule 8(a)(2) and 8(e) of the Federal Rules of Civil Procedure, and (5) the Petition was filed solely for delay and in bad faith, so that an award of attorneys' fees and costs is merited.

Local Rule 17(j) provides, in part, that "[o]ral hearings on . . . motions [such as the one under consideration] shall be permitted unless the Judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this Rule." The Court, being of the opinion that an oral argument on the pending Motion would not facilitate a resolution of the issues presented, will (1) dispense with oral argument, and (2) make a determination on the basis of the pleadings and other documents which have been filed with the Court to date.

On August 19, 1982, Congress enacted Public Law 97–248, the Tax Equity and Fiscal Responsibility Act of 1982 [TEFRA], which was signed into law by President Reagan on September 3, 1982. TEFRA substantially changed the procedures by which Internal Revenue Service summons issued to statutory third-party recordkeepers are to be litigated. Under the prior law, the Tax Reform Act of 1976, the Internal Revenue Service was required to give notice of the issuance of a summons whenever the summons was issued to a "third party recordkeeper" as defined in the statute, 26 U.S.C., Section 7609(a)(3). Under the Tax Reform Act, any proper noticee had the right to prevent the third-party recordkeeper from complying with the summons merely by sending a letter to that recordkeeper instructing it not to comply. The Government was then forced to bring an enforcement action in Federal District Court in which any notice had an unconditional right to intervene and object to the summons.

Under TEFRA, the summons must be complied with unless a person entitled to notice begins a proceeding to quash the summons not later than the twentieth day after notice of the summons is given, 26 U.S.C., Section 7609(b)(2)(A), Appendix, *infra*.

The new law also provides that, in any proceeding to quash a summons, the United States may seek to compel compliance with the summons in the same lawsuit, 26 U.S.C., Section 7609(b)(2)(A), Appendix, *infra*. Such a request has been made in the response of the United States to the present Petition to Quash Summons.

However, nothing in the legislative history indicates an intent on the part of Congress to change the substantive law governing enforcement of summonses.

Here, the United States has made its prima facie case with its verified response. Once that prima facie case is established, the burden shifts to the taxpayer (or other contesting party) to demonstrate substantial facts showing that a genuine issue exists as to any material defense, *United States v. Will*, 671 F.2d 963 (6th Cir.1982). TEFRA did not make any change in the burden of proof, and did not alter the presumption of integrity and regularity which clothes all Internal Revenue Service Investigations.

■ The Court, upon careful review, agrees with Respondent that the Petitioner's "criminal purpose" defense has been rendered irrelevant by the provisions of TEFRA. On that and other grounds, the Petition must be dismissed for failure to state a claim on which relief can be granted.

Under TEFRA, Section 7602 has been amended to include a new Section, 7602(b), Appendix, *infra*. That statute provides that the Secretary may use the summons power for the "purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." Section 7602(b) therefore makes it clear that a summons may be used to inquire into criminal conduct, even if the criminal conduct is the sole object of the investigation. As the legislative history states:

> Under prior law, the use of administrative summonses was limited to determination and collection of taxes. The act expands this authority to include the right to issue a summons for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws, even when the criminal investigation is the sole investigation.

Joint Committee on Taxation, General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982, 97th Cong., 2d Sess. 236.

The bright line test of TEFRA is codified in new Section 7602(c), Appendix, *infra*. Under that section, the summons may be used if there is no "Justice Department referral" in effect with respect to the taxpayer. A Justice Department referral is in effect if the Secretary of the Treasury has recommended a grand jury investigation of criminal prosecution of the taxpayer or if a request has been made under Section 6103(h)(3)(B) of Title 26 (U.S.C.) for the disclosure of the return or return information relating to the taxpayer.

TEFRA makes Petitioner's contentions (to wit, that the summons has been issued for a criminal purpose, or that there has been an institutional commitment to prosecute, or that the IRS has abandoned its civil tax determination and collection purpose) irrelevant. Accordingly, Petitioner has failed to allege any facts or legal theories which are sufficient to defeat enforcement of the summons and the Petition must be dismissed.

■ Petitioner's remaining contentions also are without merit. His contention that he has a protected right of "privacy" in the summoned bank records has been rejected by the Supreme Court, as well as lower courts, *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); *United States v. Cleveland Trust Co.*, 474 F.2d 1234 (6th Cir.1973).

Petitioner's reliance upon · the Privacy Act, 5 U.S.C. Section 552a, and the Financial Right to Privacy Act, 12 U.S.C. Section 3402, *et seq.*, is completely misplaced. First, the summons contains the information that is required by the Privacy Act. Further, the Petitioner here is without standing to complain of insufficient Privacy Act notice to the summoned party, *United States v. Fain*, 78–2, U.S.T.C., para. 9540 (M.D.N.C.1978). Finally, the Privacy Act does not deal with the gathering of information by a Government agency, but with the use of that information once it has been gathered.

The Financial Right to Privacy Act is also inapplicable, since 12 U.S.C. Section 3413(c) contains a clear exception to the requirements of the Financial Right to Privacy Act.

■ Petitioner's contention that the summons violates 26 U.S.C. Section 7605(c) is frivolous. Section 7605(c) of the Internal Revenue Code (26 U.S.C.) *on its face* restricts the examination of the "books of account of a church or convention or association of churches." The Government has summoned a bank to produce its own records. No summons has been issued to a church, convention or association of churches. A summons to a bank cannot contravene Section 7605(c), *United States v. Greyson County State Bank*, 656 F.2d 1070 (5th Cir.1981); *United States v. Groos Na-*

*tional Bank of San Antonio,* 661 F.2d 36 (5th Cir.1981); *United States v. Farmers and Merchants State Bank,* 81 U.S.T.C., para. 9117 (E.D.Va.1980).

■ Finally, the Petitioner has failed to adequately set forth the basis for his contention that an enforcement of the summons will chill his First Amendment rights. Blanket assertions of this sort, without a clear showing of how enforcement of the summons would prohibit persons "from joining [the Petitioner's alleged church], or from persuading others to do so, or from advocating any particular ideas," *Smith v. Arkansas State Highway Employees,* 441 U.S. 463, 465, 99 S.Ct. 1826, 1828, 60 L.Ed.2d 360 (1979), are not sufficient to establish infringement of constitutional rights. *See, e.g., Laird v. Tatum,* 408 U.S. 1, 11–16, 92 S.Ct. 2318, 2324–2327, 33 L.Ed.2d 154 (1971); *Finley v. Hampton,* 473 F.2d 180, 184–87 (D.C.Cir.1972).

In *United States v. Freedom Church,* 613 F.2d 316 (1st Cir.1979), the First Circuit Court of Appeals found that an organization claiming infringement of the right of association must make a substantial showing that significant, concrete injury to the members would result from enforcement of the summons. Once such a showing is made the Court held that the Government's need for the information must be balanced against the proven injury.

■ In the instant case, the Government's substantial interest in maintaining the integrity of tax enforcement outweighs any incidental revelation of the names of members of the alleged church which would be occasioned by enforcement of the summons. As the Supreme Court noted in *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), "taxes are the life blood of Government." The system of tax collection would be jeopardized if individuals could escape tax examinations by establishing bank accounts—on which they have signatory authority—in the names of purported churches and other allegedly tax exempt organizations. Although the Constitution guarantees the free exercise of religion and forbids entanglement in religion

by the Government, courts have long been sensitive to attempts to conceal fraud under the cloak of the First Amendment. *See, e.g., United States v. Ballard,* 322 U.S. 78, 64 S.Ct. 882, 88 L.Ed. 1148 (1944); *Cohen v. United States,* 297 F.2d 760, 765 (9th Cir. 1962). The Petitioner has offered no valid First Amendment defense to enforcement of the summons at issue.

■ The Court also believes, and does determine, that service of process is insufficient and this Court, therefore, lacks jurisdiction over this proceeding.

The Clerk's docket entries in this case, and the affidavit filed by Special Agent Aidem, demonstrate that service of process upon the United States was not made in accordance with Rule 4(d)(4) of *Fed.R.Civ.P.* Therefore, this action must be dismissed pursuant to Rules 12(b)(2) and 12(b)(4).

■ Furthermore, as demonstrated by the Aidem affidavit, Petitioner failed to comply with the requirements of 26 U.S.C. Section 7609(b)(2)(B), which requires that the Petitioner mail by registered or certified mail copies of the Petition to the summoned party *as well as* the office directed by the Secretary. An action against the United States must be specifically authorized by statute, and may be pursued only in strict compliance with the statute by which consent to be sued has been granted. Since Section 7609 is a waiver of sovereign immunity with respect to a limited class of summons matters, and the taxpayer has failed to meet one of the requirements of Section 7609, his Petition must be dismissed.

■ Finally, the Court agrees with Respondent that the Manufacturers National Bank and Al Hunter are not proper parties to this lawsuit. They must, therefore, be dismissed. Section 7609(b)(2)(A) provides that a proper noticee shall have the right to petition the United States District Court to quash an Internal Revenue Service Summons. It does not give the right to join or sue the summoned party. Instead, Section 7609(b)(2)(C) provides that the summoned party shall have the right to intervene in

the action to quash the summons. The Manufacturers National Bank has not sought to intervene here, and is, therefore, not a proper party. In addition, there is no authority for the attempt by the taxpayer to make the bank official upon whom the summons was served a party in this case.

■ The Court will deny Respondent's request for fees and costs, as the Court cannot conclude, on the record, that the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons...."

Therefore, Respondent's Motion for Summary Enforcement must be granted for the reasons as set forth above.

SO ORDERED.

## APPENDIX

26 U.S.C. § 7609

(b) Right to intervene; right to proceeding to quash—

(1) Intervention. Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(2) Proceeding to quash.

(A) In general. Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention; etc. Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies.

(1) In general. Except as provided in paragraph (2), a summons is described in this subsection if it is issued under paragraph (a) of section 7602 or under section 6420(e)(2), 6421(f)(2), or 6247(h)(2) and requires the production of records.

(2) Exceptions. A summons shall not be treated as described in this subsection if

(A) it is solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in subsection (a)(3)(A), or

(B) it is in aid of the collection of

(i) the liability of any person against whom an assessment has been made or judgment rendered, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

(3) Records; certain related testimony. For purposes of this section

(A) the term "records" includes books, papers, or other data, and

(B) a summons requiring the giving of testimony relating to records shall be treated as a summons requiring the production of such records.