**Will D. GRISHAM and Rheta Grisham, Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**No. 83 Civ. 3785–CSH.**

United States District Court, S.D. New York.

Sept. 22, 1983.

Will D. Grisham and Rheta Grisham, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Petitioner Will D. Grisham filed a petition with this Court on May 18, 1983, seeking to quash two Internal Revenue Service summonses served on third-party recordkeeper Drexel, Burnham & Lambert pursuant to the provisions of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. 97–248. The case is presently before the Court on the Government's motion to dismiss the petition for lack of subject matter jurisdiction. No papers in opposition have been filed.

TEFRA, which became effective January 1, 1983, significantly alters the mechanism whereby a taxpayer may contest, and the Government may seek to enforce, a third-party recordkeeper summons. Under the statute as amended by TEFRA, 26 U.S.C. § 7609(a), a taxpayer is entitled to notice of the summons within three days of the date of service. "Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons." 26 U.S.C. § 7609(a)(1)(B). Compliance with the summons is required unless an individual entitled to notice under the terms of the statute begins a proceeding to quash "not later than the 20th day after the day such notice is given...." 26 U.S.C. § 7609(b)(2)(A).

In the instant action, petitioner Grisham states that he received notice of the summonses on April 8, 1983. (Pet. at ¶ 4). Petitioner was also sent, as required by TEFRA, instructions for preparing a petition to quash and copies of the relevant provisions of the Internal Revenue Code. Those instructions, appended to the petition presently before the Court as Exhibit A, state as follows: "You must file your petition within 20 days of the date of this notice and pay a filing fee as may be required by the clerk of the court." (Exh. A, "General Directions, ¶ 2). The date stamped on the petition indicates a filing date of May 18, 1983, substantially in excess of the twenty-day permissible period, which lapsed on April 28, 1983.[1] Mindful of the strictness with which courts are obligated to construe statutes that waive the sovereign immunity of the United States by granting a limited right to sue, see Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Fitzgerald v. United States Civil Service Commission, 554 F.2d 1186 (D.C.Cir.1977), an obligation that encompasses filing deadline requirements, see, e.g., Rice v. Comm. of Internal Revenue, 572 F.2d 555 (6th Cir.1978); Traxler v. Commissioner, 63 T.C. 534

---

1. In addition to the filing date on the face of the petition, an additional date stamp of May 2, 1983, appears above the designation "Pro Se Office," apparently indicating that Office's receipt of the document. Although 26 U.S.C. § 7609 clearly contemplates the actual filing of a petition to quash within the 20-day period, I need not address the effect of an otherwise timely receipt of a petition elsewhere in the courthouse. In the instant action, a May 2, 1983 filing would also be untimely.

(1975), I conclude that this Court is without jurisdiction to consider the instant petition.

The Clerk of the Court is directed to dismiss the petition with prejudice and without costs.

It is So Ordered.