**Audrey L. BILODEAU, et al.**

v.

**UNITED STATES of America, Gerald P. Fournier, Agent, Internal Revenue Service.**

**Civ. A. No. 83–372–L.**

United States District Court, D. New Hampshire.

Oct. 20, 1983.

---

On May 27, 1983, notice of the summonses were mailed to the petitioner by certified mail.

On June 17, 1983, petitioners commenced this proceeding by filing a petition.

Defendants argue that under Title 26, United States Code, Section 7609(b)(2)(A), petitioners have 20 days from the date of mailing in which to begin a proceeding to Quash the Internal Revenue Service summonses in the district court. The petitioners filed their petition 21 days after the date of mailing. The defendants state that the petitioners filed late and therefore the court is without jurisdiction in this matter. They further argue that the court is without jurisdiction in any event to hear an objection to the summons served on the petitioners' Massachusetts bank. We agree with both assertions.

Time limitations with regard to starting a proceeding in response to a mailed notice begins the day after the mailing date and includes the last day; *Kollios v. United States*, 512 F.2d 1316 (1st Cir. 1975). Counting from May 28, the first day of the period, the last day for petitioners to file was June 16. Thus the petitioners filed one day late and this court is without jurisdiction to hear the matter.

Although the court is reluctant to dismiss the action on the above grounds as the petitioners, proceedings *pro se*, may have thought that the 20 day period to file began upon receipt of the Internal Revenue notice, the rule on this matter must be strictly construed. Furthermore, even if the court did have jurisdiction in this matter, evidence presented at the hearing indicates no intent by the IRS now or later to use any information gathered from the petitioners' bank records in a criminal proceeding.

As to the summons served on the Massachusetts bank, this court is without jurisdiction to hear an objection pursuant to Title 26, United States Code, Section 7609(h) as the bank is not found in this district.

John P. Bilodeau, pro se.

Kevin E. Sharkey, Asst. U.S. Atty., Concord, N.H., Gerald C. Miller, Trial Atty., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

DEVINE, Chief Judge.

RECOMMENDATION APPROVED—SO ORDERED:

### REPORT, RECOMMENDATION, AND ORDER

WILLIAM H. BARRY, Jr., United States Magistrate.

The petitioners bring this motion to quash Internal Revenue Service summonses pursuant to Title 26, United States Code, Section 7609(b).

On May 26, 1983 Internal Revenue Service agent Fournier issued summonses to five New Hampshire banks and one Massachusetts bank in connection with a tax investigation.

Therefore, the petition to quash Internal Revenue Summons is hereby dismissed.