**Roy L. FOGELSON, Plaintiff,**

v.

**UNITED STATES of America, the Secretary of the Treasury and Booker T. Leeks, Agent of the IRS, Defendants.**

**Civ. No. 83–1813.**

United States District Court,
D. Kansas.

Dec. 8, 1983.

Roy L. Fogelson, pro se.

Glen R. Dawson, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

This is a civil action to quash five Internal Revenue Service summonses issued to third-party record keepers pursuant to 26 U.S.C. § 7609(b)(2). Oral arguments would not be of benefit to the court in the determination of this matter. See Local Rule 15(d).

Plaintiff's pro se complaint alleges that the summonses were "illegally issued ... to compel the production of records relating to claimant's exercise of his 1st, 4th, 5th Amendment rights and are being sought for referral to the Justice Department for possible criminal prosecution of the claimant." Plaintiff received a copy of the summonses on August 12, 1983 and commenced this action on September 1, 1983 within the 20 day period prescribed by section 7609(b)(2)(A). The government contends that plaintiff did not comply with section 7609(b)(2)(B) which requires

> If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the 20 day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

In response to the government's position, plaintiff indicates that he contacted third-party record keepers by telephone and informed them of his action to quash the summonses, therefore plaintiff contends it would be superfluous to provide copies of the complaint by certified or registered mail. The question presented by defendant's motion to dismiss is whether a complainant's failure to provide statutory notice to the party summoned and to the Secretary by registered or certified mail within 20 days of the receipt of the notice of the summons is a jurisdictional bar requiring dismissal of an action which was otherwise timely filed. Defendant provided the court with one case on point, *McTaggart v. United States*, 570 F.Supp. 547 (E.D.Mich.1983). In *McTaggart*, the court found that section 7609 was a waiver of sovereign immunity requiring strict compliance with statutory procedures. *Id.* at 551. The court dismissed the case for failure of the taxpayer to comply with the notice requirements of section 7609(b)(2)(B). *See Reynolds v. United States*, 643 F.2d 707, 713 (10th Cir.1981).

The United States may not be sued without its consent and the terms of its consent define this court's jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Failure of the complainant to mail by registered or certified mail a copy of the petition to the persons summoned not later than 20 days from the receipt of notice requires dismissal of the complaint for lack of jurisdiction.

IT IS THEREFORE ORDERED that defendant's motion to dismiss the complaint is sustained.