**Esta L. YOCUM, et al., Petitioners,**

**v.**

**UNITED STATES of America Internal Revenue Service, Respondent.**

**Civ. No. F 83–373.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

March 23, 1984.

---

Esta L. Yocum and Edna L. Yocum, pro se.

Peter A. Sklarew, Atty., Tax Div., Dept. of Justice, Washington, D.C., David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for respondent.

## ORDER

LEE, District Judge.

This matter is before the court on defendant United States of America's motion to dismiss the petition to quash summonses, filed January 24, 1984. This court gave petitioners twenty (20) days in which to respond. Petitioners responded. The United States has made a further reply. For the following reasons, respondent's motion to dismiss will be granted.

The procedure for filing a petition to quash summons of the Internal Revenue Service to third parties is clearly set forth in 26 U.S.C. § 7609(b)(2):

(A) Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

The government has moved to dismiss this action by petitioners because of their failure to comply with section 7609(b)(2)(B).

The record is undisputed that petitioners, in fact, did not comply with section 7609(b)(2)(B). The only thing petitioners did was to send a letter to one of the two summoned banks, informing it a petition had been filed, but not enclosing the petition. The letter was not registered or certified.[1]

■ Strict compliance with the terms of section 7609(b)(2) is jurisdictional because the United States is consenting to waive its sovereign immunity from suit in the area of issuance of third party IRS summonses. Section 7609(b)(2) must be strictly construed. Strict construction of statutes that waive sovereign immunity extends to the statutory time limitations contained therein. *Riggs v. United States*, 575 F.Supp. 738, 741, 742 (N.D.Ill.1983) ("Section 7609(b)(2) establishes a jurisdictional requirement, for it imposes a limit on suing the sovereign."). *See generally Coleman v. Bureau of Indian Affairs*, 715 F.2d 1156, 1161 (7th Cir.1983) ("It is elementary that when consent to sue is granted, the precise terms, conditions, and qualifications of such consent must be scrupulously followed."); *Reynolds v. United States*, 643 F.2d 707, 713 (10th Cir.1981).

■ This court must grant defendant's motion and dismiss this petition to quash summons. Section 7609(b)(2)(B) requires that copies of the petition to quash must be mailed, either registered or certified, by the

1. This court specifically informed petitioners in its notice and order of February 24, 1984 that it would examine matters outside of the pleadings and would consider the government's motion as one for summary judgment. The court informed petitioners as to how they should respond in order to defeat a motion for summary judgment. The petitioners filed responsive affidavits; however, the affidavits do not address this issue or dispute the facts presented by the government except to reiterate that a letter was sent to one summoned party, informing it a petition had been filed.

person or persons who file said petition to both the summoned party and the Internal Revenue Service. Petitioners did not do what section 7609(b)(2)(B) requires. The petition must be dismissed. *Accord McTaggert v. United States*, 570 F.Supp. 547 (E.D.Mi.1983) (failure to comply with § 7609(b)(2)(B) results in dismissal of petition).

Therefore, on the basis of the foregoing, defendant's motion to dismiss is hereby GRANTED and the petition is hereby DISMISSED.