John H. MAIKRANZ and Kelly Maikranz, Plaintiffs,

v.

UNITED STATES of America and Robert G. Kibbey, Jr., Special Agent, Defendants.

No. EV 84–301–C.

United States District Court,
S.D. Indiana,
Evansville Division.

April 26, 1985.

John Maikranz, Kelly Maikranz, pro se.

U.S. Atty., Indianapolis, Ind., for defendants.

---

## MEMORANDUM ORDER

BROOKS, District Judge.

This matter comes before the Court upon a motion to dismiss a petition to quash summonses filed on behalf of the defendants to this cause of action, the United States of America and Robert G. Kibbey, Jr., Special Agent. The action was brought by the plaintiffs to quash six (6) Internal Revenue Service summonses issued to Citizens National Bank, The Farmers and Merchants Bank of Ft. Branch, First National Bank of Winslow, Ft. Branch Federal Savings & Loan Association, American National Bank, and United Mine Workers Federal Credit Union of Marion, Illinois. In the motion, the defendants contend that action on the first four of those summonses is barred by the doctrine of sovereign immunity and that the sixth summons is beyond this Court's jurisdiction. Thus, the only summons on which the merits must be adjudicated is the fifth such summons (involving American National Bank). The motion was filed January 21, 1985, and no response has been filed by the plaintiff who filed this action pro se. Nevertheless, the Court deems the motion ripe for ruling because the deadline for response has long since elapsed.

██ Regarding the first four of the summonses, the Court finds the plaintiffs failed to comply with Section 7609(b)(2)(B). That section provides:

> If any person beings a proceedings under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct....

Notice of the first four summonses was given to the plaintiffs on October 23, 1984. The instructions accompanying the summons copies provided to the plaintiffs specified that a copy of any petition to quash must be mailed by certified or registered mail to the issuing IRS agent within twenty (20) days of the date notice was given. The plaintiffs did not mail a copy of the petition to quash to the issuing agent until November 14, 1984, the 22nd day after such notice was given. This failure to comply strictly with Section 7609(b)(2)(B) results in a finding by this Court that the defendants have not waived their sovereign immunity and that the petition to quash those summonses must be dismissed. *Fogelson v. United States*, 579 F.Supp. 573 (D.C.Kan.1983); *McTaggart v. United States*, 570 F.Supp. 547 (E.D.Mich.1983); *Yocum v. United States*, 586 F.Supp. 317 (N.D.Ind.1984).

██ The sixth summons issued was to the United Mine Workers Federal Credit

Union, a credit union with its principal place of business at Marion, Illinois. This Court's power to quash an IRS summons is limited and exclusive pursuant to Section 7609(h)(1). The Court is not empowered to quash a summons issued for a person or entity not residing in its jurisdiction. *Masat v. United States*, 745 F.2d 985 (5th Cir.1984).

■■■ The only summons properly before the Court for adjudication was issued to American National Bank. The Court finds the complaint in the instant case fails to set forth any allegations which would constitute a legally sufficient challenge to an IRS summons. There is no doubt but that the IRS is empowered to issue such summons, even in light of Fourth Amendment protections. *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The plaintiffs' constitutional rights are not implicated in any way by compliance with an IRS summons seeking bank records. *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). Neither does an IRS summons violate protections extended by the Fifth Amendment, as alleged by the plaintiffs. *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Plaintiffs further assert that an IRS summons cannot issue as a means of obtaining evidence for a pending criminal case. Acknowledging the truth of this assertion, the Court also cannot find any allegation of any such pending criminal proceedings and no allegation that the IRS has made a Justice Department referral involving these plaintiffs. As such, there is no violation of Section 7602 as would damage these plaintiffs. It is also apparent that absent such a Justice Department referral, the IRS is empowered to issue summonses like those in the instant case for the purpose of investigating *potential* criminal liability of a taxpayer. 26 U.S.C. § 7602(b).

The Court finds that the summons issued to American National Bank is proper and that the petition to quash the summons must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, the Court finds that petition to quash the IRS summonses issued to Citizens National Bank, The Farmers and Merchants Bank of Ft. Branch, First National Bank of Winslow, and Ft. Branch Federal Savings & Loan Association is not cognizable because the defendants have not waived their sovereign immunity pursuant to the strict requirements of Section 7609(b)(2)(B); the Court further finds that the petition to quash the IRS summons issued to the United Mine Workers Federal Credit Union of Marion, Illinois, is not properly before the Court because it lacks jurisdiction over that entity; and the Court finds that plaintiffs' complaint as to the IRS summons issued to American National Bank fails to state a claim upon which relief may be granted. The complaint herein is hereby DISMISSED.

IT IS SO ORDERED.