**Jerome C. and Vera B. DORSEY**

v.

**UNITED STATES.**

**Civ. A. No. M-84-3676.**

United States District Court,
D. Maryland.

Oct. 7, 1985.

---

Louis G. Hutt, Jr. and Lester Adams, Columbia, Md., for petitioners.

Catherine C. Blake, U.S. Atty., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., S. Martin Teel, Jr., Michael J. Salem, and Frederic J. Baker, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

On September 12, 1984, Internal Revenue Agent Gregory Szczeszek issued a summons to the Mercantile Safe Deposit and Trust Co. seeking the records of Jerome and Vera Dorsey, persons whose tax liabilities he was assigned to investigate (Paper No. 3, Affidavit of Szczeszek). Pursuant to 26 U.S.C. § 7609, Jerome and Vera Dorsey, on October 2, 1984, initiated this action to quash that summons (Paper No. 1).

The respondent, United States, has filed a motion to dismiss the Dorseys' petition to quash the summons (Paper Nos. 3 & 5). The petitioners have replied (Paper No. 4). No hearing is necessary to decide the issue. Local Rule 6(G).

### Legal Analysis

When a third-party summons is issued by the IRS, the taxpayer is entitled to intervene and petition the court to quash the summons. 26 U.S.C. § 7609(b). Specific procedures and time limits have been imposed on the intervenor. Specifically, the pertinent statute states:

"Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1)."

26 U.S.C. § 7609(b)(2).

It is not disputed that the plaintiffs filed their petition within the 20 day time period. The respondent, however, argues that the petitioners did not mail a copy of their petition within 20 days to "such office as the Secretary may direct in the notice referred to in subsection (a)(1)."[1]

1. "(a) Notice.—
    (1) In general.—If—
      (A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and
      (B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is

identified in the description of the records contained in the summons,
then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which

The summons issued pursuant to subsection (a)(1) contains two addresses. The first is the business address of Special Agent Szczeszek—P.O. Box 1402, Baltimore, MD 21203. The second is the place for appearance—Fallon Federal Building, 31 Hopkins Plaza, Room 717, Baltimore, MD 21201.

The petitioners contend that a copy of the petition was mailed to "the office of the Internal Revenue Service responsible for issuing the administrative summons." (Paper No. 4 at 1). It was not addressed to Special Agent Szczeszek specifically (Paper No. 4 at 3), but it was addressed to "Director of Internal Revenue, Internal Revenue Service, 31 Hopkins Plaza, Baltimore, MD 21203." (*See* Return Receipt, before Paper No. 4 in file).

The respondent claims that because the petition was not addressed to Special Agent Szczeszek specifically, this court does not have jurisdiction to hear the petitioner's claim.[2]

Several courts have held that compliance with the 20 day time limit set forth in § 7609(b)(2)(A) is a jurisdictional prerequisite to filing suit. *See, e.g., Riggs v. United States*, 575 F.Supp. 738, 742 (N.D.Ill. 1983); *Williams v. United States*, 52 AFTR 2d ¶ 83–5255 (S.D.Ind.1983) (Paper No. 3, attachment); *Grisham v. United States*, 52 AFTR 2d ¶ 83–5319 (S.D.N.Y. 1983). That conclusion rests on the reasoning that any waiver of sovereign immunity requires strict compliance with statutory procedure. *See, e.g., Riggs v. United States*, 575 F.Supp. at 741.

That same reasoning has been applied in cases in which the plaintiff failed to follow the notice requirements set forth in 26 U.S.C. § 7609(b)(2)(B). For example, in *Yocum v. United States*, 586 F.Supp. 317

(N.D.Ind.1984), a case in which (1) the petitioners notified the summoned bank merely by letter that a petition to quash had been filed; (2) the petitioners failed to serve the petition on the IRS, the court concluded that § 7609(b)(2)(B) "must be strictly construed" against the petitioners. *Id.* at 318. Because the "[p]etitioners did not do what section 7609(b)(2)(B) requires [,] [t]he petition [was] dismissed." *Id.* at 319.

A similar result occurred in *McTaggart v. United States*, 570 F.Supp. 547 (E.D. Mich.1983). In *McTaggart*, the petitioner did not mail a copy of the petition to "the office directed by the Secretary." The court strictly applied the law and dismissed the taxpayer's petition for failure to comply with the requirements of the statute. *Id.* at 551. Also, in *Fogelson v. United States*, 579 F.Supp. 573 (D.Kansas 1983), the petitioner telephoned the "persons summoned" to inform them of his action to quash, but failed to mail a copy of the petition to them. The court dismissed the petition concluding that because "[t]he United States may not be sued without its consent and the terms of its consent defines [the] court's jurisdiction," it had no jurisdiction to hear the case. *Id.* at 574.

In each of those cases, the petitioner failed to mail a copy of the petition to the appropriate person. In this case, the petitioners did mail a copy to the office of the Director of the Internal Revenue Service in Baltimore.

The statute requires that a copy of the petition be mailed "to such office as the Secretary may direct" in the notice of summons he sends pursuant to § 7609(a)(1). That notice directs that the third-party appear before Special Agent Gregory Szczeszek at "Fallon Federal Building, 31 Hopkins Plaza, Room 717, Baltimore, Mary-

---

has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons."

**2.** The United States has moved for summary judgment on the issue herein. Although the petitioners have provided no supporting documentation in their opposition to the respondent's motion for summary judgment, there ex-

ists only one relevant material fact—whether the petition was addressed to Szczeszek. Both parties agree that it was not. The record before the court reveals that the petition was mailed to the "Director of Internal Revenue" in Baltimore. Therefore, because no material facts are disputed, consideration of the issue on summary judgment appears appropriate.

land 21201." It gives as Mr. Szczeszek's business address: "P.O. Box 1402, Baltimore, Maryland 21203."

Obviously, a post office box is not an office. The office the Secretary directed that the petition be mailed to is the Fallon Federal Building, 31 Hopkins Plaza, Room 717. The petition was mailed to that office. It was not mailed, however, to the attention of Special Agent Szczeszek specifically.

The defendant apparently argues that the "general directions" sent out to the petitioner at the time the summons was issued further define the office to which the petition should be mailed. Those directions, included in Form 2039-C[3] (Rev. 12–83) (Paper No. 3, Ex. 2), set forth the sections of the Internal Revenue Code and the Federal Rules of Civil Procedure applicable to filing a motion to quash. They also include the following instruction:

> "4. You must also, within 20 days from the date of this notice, send a copy of your petition to quash by certified or registered mail to (a) the person summoned, *and* (b) the Internal Revenue Service at the address shown on the summons *to the attention of the Internal Revenue Service officer before whom the summoned person is to appear.*" (Emphasis supplied).

The question is whether the petitioners' failure to follow that instruction precludes this court from exercising jurisdiction over this matter. Although courts generally hold that Internal Revenue Service "rulings, determination letters, opinion letters, information letters, and Revenue Rulings ... [have] some weight," Davis, 5 *Administrative Law Treatise* § 29:20 at 425 (2nd ed. 1984), the instruction included in the "general directions" appears to be none of those. It is, however, part of a document required by law to be mailed to potential petitioners when a third-party summons is issued. Specifically, 26 U.S.C. § 7609(a)(1) requires that the notice mailed to such petitioners contain "an explanation of the right

under subsection (b)(2) to bring a proceeding to quash the summons." As such it contains the Internal Revenue Service's interpretation of the mailing requirements set out in 26 U.S.C. § 7609(b)(2)(B).

Although that document, in the opinion of this court, is not entitled to great weight, it is entitled to some weight in deciding this issue. The Secretary is required under subsection (b)(2)(B) to state to which office the petition must be mailed. The Secretary in providing directions to potential petitioners has done so quite clearly.

When the United States consents to suit, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *See, e.g., United States v. Sherwood,* 312 U.S. 584, 586–87, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). "Any doubts as to consent or jurisdiction of the court should be resolved in favor of the United States." *Ginsberg v. United States,* 707 F.2d 91, 92–93 (4th Cir.1983).

Congress in 26 U.S.C. § 7609(b)(2)(B) has given the Secretary explicit authority to direct the petitioner regarding the mailing of a petition to quash to the IRS. The Secretary has exercised that authority by requiring that the petition be mailed "to the attention of the Internal Revenue Service officer before whom the summoned person is to appear." The petitioners herein had notice of that requirement set forth in Form 2039–D (Rev. 12–83) which was mailed to them along with the third-party summons. That requirement appears reasonable to this court. It assures that the agent responsible for the investigation and the summonses issued during the investigation receives notice expeditiously of petitions to quash those summons.

For all those reasons, this court finds that the petitioners' failure to follow the Secretary's directions deprives this court of jurisdiction to hear their claim.

---

**3.** Form 2039–c was mailed to the petitioner along with the summons. (*See* Paper No. 1, Attachment).

Accordingly, it is this 7th day of October, 1985, by the United States District Court for the District of Maryland, ORDERED:

1) That the motion for summary judgment of the United States is GRANTED.

2) That the Clerk mail a copy of this Memorandum and Order to counsel for the parties.