**Robert E. WILLIAMS, Petitioner,**

v.

**INTERNAL REVENUE SERVICE, Respondent.**

**No. C 83–1068–L(B).**

United States District Court, W.D. Kentucky, Louisville Division.

Dec. 2, 1985.

**1232**

Robert E. Williams, pro se.

S. Martin Teel, Jr., Michael J. Salem, Tax Div., Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM

BALLANTINE, District Judge.

This petition to quash an IRS summons is before the Court on the motion of the respondent to dismiss as untimely.

On September 29, 1983, Joanne Katchur, an IRS tax fraud investigative aide served a summons on an agent of the Federal Land Bank of Louisville directing that agency to produce certain records relating to transactions and dealings with petitioner, Robert Williams. Pursuant to the requirements of Title 26 U.S.C. Section 7609(a), the notice of the summons was given to petitioner by mailing the notice to him.

■ Petitioner, in his belated response to the pending motion, argues that the earliest date that he could have received the notice was October 1, 1983, the date on which he asserts the notice was received at the post office to which it had been sent. He further argues that since he sent his petition to quash to the Clerk's Office admittedly unaccompanied by any filing fee

or affidavit of poverty on October 21, 1983[1], his action was timely within the language of Title 26 U.S.C. Section 7609(b)(2)(A):

"(2) **Proceeding to quash.—**

(A) **In general.**—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)."

The Court finds both arguments to be without merit. "Time limitations with regard to starting a proceeding in response to a mailed notice begins (sic) the day after the mailing date and includes (sic) the last day." *Bilodeau v. United States*, 577 F.Supp. 234 (D.N.H.1983). Thus, it is clear that September 30, 1983, not October 1, 1983, is the date on which the time limitations commenced to run. The final day for beginning a proceeding to quash the summons would be October 20, 1983, not October 21, 1983.

■ Petitioner further concedes that he was notified by the Clerk of the Court that his proceeding could not be filed until the filing fee had been paid. The filing fee was received by the Clerk November 7, 1983, and the proceeding was filed the same day.

The effective filing date for our purposes was November 7, 1983, over two weeks beyond the period of limitations.

The Court is not impressed by petitioner's lamentation that the IRS and the Postal Service are unable to show the date on which the certified mail notice was received by petitioner's wife.[2] As we have observed, the pivotal date is the date on which the notice was mailed, not the date it was received.

---

1. The Clerk's time stamp shows that the petition was received October 25, 1985.

2. The Court resists the temptation to suggest that the date of receipt of the notice could be determined by petitioner's asking his wife when she got it.

Since the action which petitioner seeks to maintain amounts to a limited waiver of sovereign immunity, Congress may define the conditions under which suits will be permitted. *Garrett v. United States,* 640 F.2d 24 (6th Cir.1981). See also *Rice v. C.I.R.,* 572 F.2d 555 (6th Cir.1978). Congress has carefully delineated the time limits within which a petition to quash may be commenced and petitioner has simply failed to commence the proceeding timely.

Respondent's motion to dismiss will be granted and an appropriate order has been entered this 2nd day of December, 1985.