Joe F. DAME and Linda S.
Dame, Petitioners,

v.

UNITED STATES of America and
Ronnie L. McPherson,
Respondents.

86 Civ. 2489 (EW).

United States District Court,
S.D. New York.

Sept. 12, 1986.

Joe F. Dame, pro se.

Rudolph W. Giuliani, U.S. Atty. S.D.N.Y.,
New York City, for respondents; Stephen
F. Markstein, Asst. U.S. Atty., of counsel.

## OPINION

**EDWARD WEINFELD, District Judge.**

Petitioner Joe F. Dame on March 26, 1986, filed a motion to quash two Internal Revenue Service (IRS) summonses issued to the Chase Manhattan Bank (Chase) and Citibank. In April 1986, Chase mailed information to the IRS in response to its summons. An IRS official, unaware of Chase's response, on July 16, 1986 mailed letters to Chase and Citibank releasing them from their obligation to respond. Based on these releases, the IRS moves for an order dismissing Dame's motion to quash as moot. Dame now supplements his original motion to quash with a motion to enjoin the IRS from using any evidence obtained from Chase's response to its summons.

■ Petitioner's motion to quash the subpoenas is moot. The IRS's letters to Chase and Citibank informed them that they were "officially released" from complying with the summonses. Because the summonses were thus withdrawn, there are no summonses to quash, and petitioner's motion to quash must be denied.

Petitioner argues that the IRS may not use the evidence obtained from Chase "because: a Petition to Quash the Summons was filed according to regulations outlined in IRC 7602."[1] Section 7602, however, does not contain rules for the filing of motions to quash. Those requirements are set forth in 26 U.S.C. § 7609. That section also states the rule, which is apparently the basis for petitioner's argument, that the IRS may not examine any records "required to be produced under a summons as to which notice is required" if a proceeding to quash is initiated in conformity with § 7609(b)(2)(A) and (B).[2]

■ Under subsection (b)(2)(A), once a person is given notice of the issuance of a summons, he may "begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." Subsection (a)(2) provides that "notice [of a summons] shall be sufficient if ... mailed by certified or registered mail to the last known address of such person." It has been repeatedly held that under these provisions, the 20-day period during which a petitioner may move to quash an IRS summons begins on the day that the notice of the summons is mailed, not on the day it is received.[3] The 20-day time limit is strictly enforced because it states the terms on which the United States waives its sovereign immunity and consents to suit; without that waiver, a court has no jurisdiction over a petitioner's suit.[4]

In the instant case, IRS records show that notice of the Chase summons was sent to Dame by certified or registered mail on January 3, 1986.[5] Dame thus had through January 23, 1986 to file a motion to quash. Dame's motion to quash was not docketed, however, until March 26, 1986. Even if one were to deem the petition filed on January 24, 1986, the day it was received by the pro se office in the Southern District of New York, it would still have been filed late. Dame thus failed to satisfy the requirement of subsection (b)(2)(A).

Moreover, under subsection (b)(2)(B), a petitioner is also required within the 20-day period to mail a copy of the motion to quash by certified or registered mail to the party summoned. This requirement, like

---

1. Affirmation of Joe F. Dame at para. 1.

2. *See* 28 U.S.C. § 7609(d)(2).

3. *See Stringer v. United States*, 776 F.2d 274, 275–76 (11th Cir.1985); *Williams v. Internal Revenue Service*, 625 F.Supp. 1231, 1232 (W.D. Ky.1985); *Clark v. United States*, 84–1 U.S.Tax Cas. (CCH) para. 9242 at 83,492 (D.Me.1984) [Available on WESTLAW, DCTU database]; *Cybulski v. United States of America*, 84–2 U.S.Tax Cas. (CCH) para. 9566 (W.D.N.Y.1984) [Available on WESTLAW, DCTU database]; *Franklin*

*v. United States*, 581 F.Supp. 38 (E.D.Mich. 1984); *Bilodeau v. United States*, 577 F.Supp. 234 (D.N.H.1983); *Riggs v. United States*, 575 F.Supp. 738, 741 (N.D.Ill.1983).

4. *See Clark v. United States*, 84–1 U.S.Tax Cas. (CCH) para. 9242 (dismissing a petition to quash filed on the twenty-first day); *Bilodeau v. United States*, 577 F.Supp. 234 (dismissing a pro se petition to quash filed on the twenty-first day).

5. Exhibit 1 to the Affidavit of Jack Devaney, Sept. 5, 1985.

the requirement of filing the motion to quash within 20 days, designed to limit the government's waiver of sovereign immunity, is also designed to limit a court's jurisdiction, and must be strictly construed against the petitioner.[6] Dame has submitted no evidence that he complied with this requirement, and thus on this second ground has failed to show that he has taken the actions necessary to establish this Court's jurisdiction to grant him relief.

Petitioner's motion to quash the summonses and his motion to enjoin the IRS from using evidence received by Chase are thus both denied.

So ordered.

---

**6.** *Dorsey v. United States,* 618 F.Supp. 471, 473–74 (D.Md.1985); *Yocum v. United States,* 586 F.Supp. 317, 318 (N.D.Ind.1984); *McTaggart v. United States,* 570 F.Supp. 547, 551 (E.D.Mich. 1983).