**Michael J. NARDINI, Mary Nardini and Michael J. Nardini, D.D.S., P.C., Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 87–988–Mc.**

United States District Court, D. Massachusetts.

Dec. 16, 1987.

Parisi, DeLorenzo, Gordon, Pasquariello & Weiskopf, Eric A. Tepper, Schenectady, N.Y., for petitioners.

Joseph S. Ackerstein, Asst. U.S. Atty., David H. Dickieson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

### MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This is a Rule 12 motion to dismiss a petition to quash an Internal Revenue Service summons. The petition was brought pursuant to 26 U.S.C. § 7609(b)(2) which deals with proceedings to quash summonses served on third party recordkeepers. No oral argument was heard, the parties having agreed to submission on the papers.

The facts are not in serious dispute. According to copies of documents provided by the United States, on March 24, 1984 an

---

IRS summons was served upon Attorney Louis F. Giovanni requiring an appearance and production of documents relating "to [the petitioners] Michael J. Nardini, Mary Nardini, and/or Michael J. Nardini, D.D.S., P.C. regarding real estate transactions for the years 1981, 1982, 1983, and 1984...." Notice of service of summons was sent to the petitioners by certified mail on March 26, 1987.

A similar IRS summons was served on the law firm of Hayes and Hayes on March 25, 1987. Notice of this service was sent to plaintiffs by certified mail on March 26, 1987 also.

There is considerable lack of cohesiveness in the materials and arguments on both sides. Nonetheless, the central dispute, and the issue which I find to be dispositive, is whether or not petitioners have complied with the statutory time limit for filing their petition to quash. If they did not, there is no subject matter jurisdiction and we need go no further.

Section 331(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) is codified in 26 U.S.C. § 7609(b)(2). Under the predecessor statute to § 7609 a taxpayer who received notice of a summons which had been served on a third party recordkeeper could stay compliance with that summons simply by sending a certified letter to the third party recordkeeper and the IRS. Unlike its predecessor § 7609(b)(2) prescribes procedures which require the taxpayer to demonstrate an appropriate reason for obtaining a stay of compliance:

Proceeding to quash.—

(a) In General.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons *not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2) ...* (emphasis supplied).

Subsection (a) reads, in pertinent part:

Notice.—

(1) In General.—If—

(A) any summons ... is served on any person who is a third-party recordkeeper, and

(B) the summons requires the production of records made or kept of the business transactions or affairs of any person ... who is identified in the description of the records contained in the summons,

then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice.—Such notice shall be sufficient if on or before the third day, such notice is severed ... upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person.... If such notice is mailed it shall be sufficient if mailed to the last known address of the person entitled to notice.

The question we must answer is whether Mr. Nardini and/or the United States complied with these requirements. We will assume for the moment, without deciding, that the summonses were served upon third-party recordkeepers. It also seems safe to assume that there were no irregularities in the service itself or in the notice given to Mr. Nardini. So much appears on the face of the summons and is not disputed.

The next move was up to Mr. Nardini. § 7609(b)(2)(A) gave him 20 days in which to file a petition to quash. That petition was filed on April 20, 1987, some 25 days after notice was sent to Mr. Nardini by certified mail.

Mr. Nardini contends that the purpose of § 7609(b)(2) is to give him 20 days from receipt of notice to file a petition to quash. He cites two cases, *Grisham v. United States*, 578 F.Supp. 73 (S.D.N.Y.1983) and

*Fogelson v. United States,* 579 F.Supp. 573 (D.Kan.1983) in which the court notes, but without specifically holding, that petitioners' filings were within (or not within) an allowable 20 day period from the date of receipt. It is very significant, however, that in neither case was the issue of whether the petition was filed within 20 days of receipt dispositive. In *Grisham* the petition was not filed within 20 days of *either* date and the petition was dismissed; in *Fogelson* the petition was dismissed because the petitioner Fogelson did not forward a copy of the petition to the persons summoned within 20 days.

The only courts which have addressed the issue head-on have found that the 20 day limit for filing began on the date that notice was mailed, not received. *See, Stringer v. U.S.,* 776 F.2d 274 (11th Cir. 1985); *Brohman v. Mason,* 587 F.Supp. 62 (W.D.N.Y.1984); *Riggs v. U.S.* 575 F.Supp. 738 (N.D.Ill.1983); *Bilodeau v. U.S.,* 577 F.Supp. 234 (D.N.H.1983); *Hanna v. U.S.,* 647 F.Supp. 590 (D.Utah 1986); *Franklin v. U.S.,* 581 F.Supp. 38 (E.D.Mich.1984).

The language of *Stringer* is convincing: We agree with the IRS. Under the doctrine of sovereign immunity the government is not subject to suit absent its consent. Because the jurisdiction of the court is dependent upon such waiver or consent, the terms must be strictly construed. Here the wording of the statute is clear and unambiguous ... subsection (a)(2) expressly provides that notice is *sufficient* if *mailed* by certified or registered mail to the last known address of the person entitled to notice. This language negates any inference that the requisite notice is not "given" until its receipt by the addressee (emphasis in original).

*Stringer* at 275–76.

There is little to add to this analysis. Despite petitioner's protestations over "the reality of our postal system," the mail usually gets from Michigan to Mississippi and from Manhattan to Missoula in 2 days, even if it sometimes takes 3 to get to the other side of the Charles.

Because of the untimely filing of his petition to quash, this Court does not have subject matter jurisdiction over Mr. Nardini's action. Respondent United States' motion to dismiss is, therefore, GRANTED.