**Felix COSME, Sr., Felix Cosme, Jr., and Judith Cosme, Plaintiffs,**

**v.**

**INTERNAL REVENUE SERVICE, United States of America, Defendants.**

**No. Misc. 88–0265.**

United States District Court,
E.D. New York.

March 10, 1989.

George W. Harmel, Jr., Central Islip, N.Y., for plaintiffs.

D. Patrick Mullarkey, U.S. Dept. of Justice, Trial Section, Tax Div., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioners Felix Cosme, Sr., Judith Cosme, and Felix Cosme, Jr. file two petitions to quash certain summonses issued by the Internal Revenue Service ("IRS") to various third party recordkeepers. These two petitions received separate docket numbers. Under Misc. 88–0265, petitioners challenge four Internal Revenue Service summonses issued to; (1) the European American Bank in Central Islip, New York;

(2) the National Westminster Bank in Central Islip, New York; (3) the Sag Harbor Savings Bank in Commack, New York; and (4) Manufacturer's Hanover Trust in Brentwood, New York.

Under docket number Misc. 88–0499 petitioners contest two IRS summonses issued to the Royal Bank de Puerto Rico in Santurce, Puerto Rico, and one summons issued to Merrill, Lynch, Pierce, Fenner and Smith ("Merrill Lynch") in Hato Rey, Puerto Rico. The IRS moves to dismiss both petitions.

By order dated January 18, 1989 this Court consolidated both cases under Misc. 88–0265. For simplicity, however, the Court will discuss the two docketed cases separately.

The IRS through its revenue agent Kathianne Porter is currently engaged in an audit aimed at determining the proper tax liability of Felix Cosme, Sr. ("Mr. Cosme") for the years 1984–1986. In furtherance of that investigation and pursuant to the power granted by 26 U.S.C. § 7602, the IRS issued the above-mentioned summonses. Each summons directs the third-party recordkeepers to produce all books, records, other data, and testimony relating to the taxpayer's correct income and tax liabilities. The summonses request information for the years 1983 through 1987. None of the third-party recordkeepers contest the summonses.

## PETITION FOR MISC. 88–0265

■ Section 331(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), 26 U.S.C. § 7609(b)(2), establishes time limits within which a taxpayer can contest a summons issued to a third-party recordkeeper. Specifically, the taxpayer is required to "begin a proceeding to quash [the] summons not later than the 20th day after the day ... notice is given...." 26 U.S.C. § 7609(b)(2)(A). Courts have held repeatedly that the 20–day period during which a petitioner may move to quash an IRS summons commences on the day notice of the IRS summons is mailed, and not on the day it is received. *See Stringer v.*

*United States,* 776 F.2d 274, 275–276 (11th Cir.1985); *Dame v. United States,* 643 F.Supp. 533 (S.D.N.Y.1986); *Nardini v. United States,* 676 F.Supp. 389 (D.Mass. 1987); *Franklin v. United States,* 581 F.Supp. 38 (E.D.N.Y.1984); *Bilodeau v. United States,* 577 F.Supp. 234 (D.N.H. 1983).

On May 18, 1988, the IRS mailed notice of the four summonses to petitioner's residence at 11 Artist Lake, Nesconset, New York and to the four banks.

On June 9, 1988, more than 20 days after notice was given, petitioners filed a petition to quash under docket number Misc. 88–0265.

However, petitioners claim that the twenty day time limit does not apply because notice was given improperly; they claim that notice was not sent to their last known address. Instead, they state that notice was mailed to their home in Nesconset, New York. They allege that at that time their residence was in Puerto Rico and the government knew of this change in address. However, at the time the IRS mailed notice of the four summonses, the information before the IRS indicated that petitioners resided in Nesconset. In fact, on April 11, 1988 Felix Cosme appeared at the Internal Revenue Service office in Smithtown, New York. *See* Declaration of Special Agent Kathianne Porter, Para. 16.

Only in August 1988 was the IRS informed that petitioners changed their residence to Puerto Rico. Therefore, on May 18, 1988 the IRS complied fully with the notice provision of 26 U.S.C. § 7609(a)(2) by mailing the notice to petitioners last known address. *See Nardini v. United States, supra; Grisham v. United States,* 578 F.Supp. 73 (S.D.N.Y.1983).

Therefore, petitioners motion to quash the four summonses docketed as Misc. 88–0265 is untimely.

### PETITION FOR MISC. 88–0499

Under docket number Misc. 88–0499, petitioners move to quash, in a timely man-

ner, the summonses issued to the Royal Bank de Puerto Rico and to Merrill Lynch.

■ With reference to the two summonses issued to the Royal Bank de Puerto Rico, this Court does not possess jurisdiction to decide petitioners' motion.

26 U.S.C. § 7609(h)(1) limits federal district court jurisdiction to hear petitions to quash summonses; the proceeding to quash must be commenced only in the district where the summoned person resides or is found. Therefore, in a petition to quash a summons issued to a third-party recordkeeper, jurisdiction exists where the third-party resides or does business. *See Masat v. United States,* 745 F.2d 985 (5th Cir.1984); *Bilodeau v. United States,* 577 F.Supp. 234 (D.N.H.1983).

The Royal Bank de Puerto Rico obviously resides in Puerto Rico. Therefore, this Court is without jurisdiction to hear petitioners' motion to quash the two summonses issued to that third-party.

Finally, the Court turns to the one summons which petitioners filed timely and in the correct jurisdiction, the Merrill Lynch summons. For the reason discussed below, their petition is denied.[1]

Normally, when a taxpayer moves to quash a third party summons, the government moves simultaneously to compel compliance with the summons. 26 U.S.C. § 7609(b)(2)(A).

Under the standard set forth by the Supreme Court in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the government is entitled to *enforcement* of an IRS summons when it can present a prima facie case for enforcement, and the taxpayer fails to show sufficient facts indicating the existence of a defense to enforcement of the summons. *Powell* at 58, 85 S.Ct. at 255.

■ A prima facie case for enforcement is established where the government can show; (1) the summons was issued for a legitimate purpose; (2) the inquiry may be relevant for that purpose; (3) the informa-

---

1. The arguments dealing with the Merrill Lynch petition would apply as well as to the other sum-

monses if they had been filed timely and in the correct jurisdiction.

**48**

tion sought is not already within the government's possession; and (4) the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed. *Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–55.

In an enforcement proceeding, once the government establishes a prima facie case, the petitioner must show sufficient facts to establish a defense to the summons.

■ However, when faced with a petition to quash an IRS third-party summons, the government need not move to enforce the summons. Instead the government can rely on the voluntary compliance of third parties to effectuate the summons. Thus, when a taxpayer petitions to quash a summons, the government *can move to dismiss the petition.* Such a motion mirrors a 12(b)(6) motion to dismiss for failure to state a claim. *See Jungles v. United States,* 634 F.Supp. 585 (N.D.Ill.1986). In a motion to dismiss the petition, the government does not have to establish a *Powell* prima facie case. Instead, the burden shifts immediately to the petitioner to establish a valid defense to the summons. *See Deleeuw v. I.R.S.,* 681 F.Supp. 402 (E.D.Mich.1987).

■ Here the government does not seek to enforce the summonses. Relying on the voluntary compliance of the third-parties, the government moves only to dismiss the petition to quash. Accordingly, the burden of proof, in the first instance, shifts to petitioners to establish a proper defense to the summonses.

Alleging solely that the IRS issued the summons as part of a "fishing expedition seeking information for criminal prosecution beyond any right or probable cause to do so....", petitioner moves to quash the summons. Petition, paragraph 9.

■ The IRS is precluded from issuing any summons once there is a Justice Department referral. *See* 26 U.S.C. § 7602(c); *Garpeg, Ltd. v. United States,* 583 F.Supp. 799 (S.D.N.Y.1984). In this case the IRS never issued such a referral. Therefore, the IRS may issue summonses to ascertain Mr. Cosme's tax liabilities. Accordingly,

petitioners claim that the summonses are part of a criminal investigation is irrelevant.

Finally, petitioners' argument that the summons amounts to a fishing expedition which lacks probable cause lacks merit.

■ "Probable cause" is not the applicable standard in a tax summons cases. Instead, the government need show only that the records sought "might ... throw light upon the correctness of the taxpayer's return." *United States v. Arthur Young & Co.,* 465 U.S. 805, 814, 104 S.Ct. 1495, 1501, 79 L.Ed.2d 826 (1984).

■ Here, the government passes this low threshold standard. Mr. Cosme transacted business with all the third parties who were issued summonses. The records possessed by these third parties may throw light on the correctness of Mr. Cosme's true tax liability. *See* Porter Affidavit at Para. 6–10.

### CONCLUSION

Therefore, the government's motion to dismiss the petition to quash the summonses is granted in its entirety.

SO ORDERED.