**Marvin D. MILLER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 97–3881.

United States Court of Appeals, Seventh Circuit.

Submitted July 13, 1998.

Decided July 28, 1998.

Marvin D. Miller, Knox, IN, pro se.

Andrew B. Baker, Jr., Office of the U.S. Attorney, Dyer, IN, Charles E. Brookhart, Kenneth W. Rosenberg, Department of Justice, Tax Division, Appellate Section, Gerald H. Parshall, Jr., Department of Justice, Tax Division, Washington, DC, for respondent–appellee.

Before CUMMINGS, ROVNER, and DIANE P. WOOD, Circuit Judges.

PER CURIAM.

Marvin Miller filed a motion pursuant to 26 U.S.C. § 7609 to quash two summonses that the Internal Revenue Service (IRS) had issued to two Indiana banks for records relating to Miller's financial dealings. In response, the government replied with an answer denying Miller's charges, and a counterclaim for enforcement of the summonses. The district court denied Miller's motion and enforced the summonses. However, the government did not attach to its counterclaim evidence sufficient to meet its prima facie burden for enforcement. Therefore, we vacate the order of the district court enforcing the summonses, and remand for further proceedings.

As an initial matter, we note that the parties dispute the standard of review. Miller claims that the standard is de novo; the government claims that the standard is the more deferential clear error standard. As the questions involved in the determination of whether to enforce a summons are questions of fact, we review for clear error. *See 2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1226 (7th Cir.1997); *David H. Tedder & Assoc. v. United States*, 77 F.3d 1166, 1168, 1169 (9th Cir.1996).

Marvin Miller did not file a tax return for tax years 1991 to 1995. The IRS subsequently began an investigation into Miller's activities to determine whether Miller was required to file a return for those years. On April 8, 1997, the IRS sent a summons to Key Bank requesting records relating to Miller, Insurance Consultants of Knox, Inc. (ICKI), a company at which Miller was an officer and shareholder, and any other entities in which either Miller or the corporation had a business interest. Special Agent Arment sent an unattested copy of the summons to Miller in order to provide the statutorily required notice of the summons. The IRS attempted to serve ICKI by sending a copy of the summons via certified mail, but the letter was returned undeliverable on April 15. On April 16, 1997, the IRS sent a summons to Indiana Federal Bank for records relating to Miller, and any other entities in which Miller had a business interest. As

with the first summons, the IRS sent Miller an unattested copy of the second summons.

On April 24, Miller filed a motion to quash the summonses, claiming that the summonses were not served on all entities affected by the summonses, were not restricted to the target of the IRS's investigation, and were issued without complying with the applicable prerequisites because his copies of the summonses were not attested. The IRS denied Miller's allegations, and filed a counterclaim for enforcement of the summonses. The only evidentiary attachments to the counterclaim were copies of the summonses, copies of the returned letter to ICKI, and a few documents relating to a piece of property Miller had transferred to an offshore corporation. The district court denied Miller's motion and enforced the summonses.

■■■ 26 U.S.C. § 7602 grants the IRS broad power to issue summonses to investigate violations of the tax code. To obtain enforcement of a tax summons, the government must show only that the IRS complied with four requirements imposed by the Supreme Court in *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964): that the investigation has a proper purpose, the information sought may be relevant to that purpose, the IRS does not already have the information, and the IRS has followed the statutory requirements for issuing a summons. The *Powell* requirements impose only a minimal burden on the agency. *See 2121 Arlington Heights Corp.*, 109 F.3d at 1224. Once the government meets its prima facie burden, the taxpayer faces a "heavy burden" to either present facts to disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith. *Id.* Summons proceedings are meant to be summary in nature, and whether to hold an evidentiary hearing is left to the discretion of the district court. *Id.* at 1226.

■■■ Even under the deferential clearly erroneous standard, the Government did not meet its minimal prima facie burden in this case. In the usual case, the government will submit an affidavit from the revenue agent investigating the case that asserts that the government has met the *Powell* test. E.g., *id.*; *United States v. Berg*, 20 F.3d 304, 308

(7th Cir.1994); *United States v. Michaud*, 907 F.2d 750, 753 (7th Cir.1990) (en banc). We have noted, though, that affidavits are not the exclusive manner of proving the prima facie case. The government may meet its burden "by affidavit or by other evidence at the time it files the petition for enforcement that begins these actions." *United States v. Kis*, 658 F.2d 526, 543 (7th Cir.1981) (emphasis added). The government in this case provided no affidavits along with its petition for enforcement. Rather, it asserts that its counterclaim for enforcement of the summons meets the prima facie showing. Miller retorts that a pleading cannot satisfy the evidentiary burden. We agree. A counterclaim is the functional equivalent of a complaint, and "[a] complaint, . . . no matter how detailed, is not evidence." *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 391 (7th Cir.1995) (quoting *National Acceptance Co. of America v. Bathalter*, 705 F.2d 924, 930 (7th Cir.1983)).

The government provides no authority to support the proposition that a bare counterclaim can meet the prima facie burden, and we are not able to find any. In fact, a review of cases in the courts of appeals discussing the government's prima facie burden shows that in all cases, the government provided an affidavit, and that even minimal affidavits can satisfy the standard. The fact that the government's burden is small does not mean that we can dispense with it altogether. *See Kis*, 658 F.2d at 537 ("as light as the burden is on the Government to prove its prima facie case . . . it must meet that burden"). The evidence that the government submitted—documents relating to a piece of property sold by Miller—at most may satisfy the proper purpose and relevance prongs of *Powell*, but the government's evidence does not shed any light on the requirements that the material not be in the government's hands, and that the IRS complied with statutory requirements when it issued the summonses. This record does not support enforcement of the summonses.

We emphasize that nothing in this opinion should be construed as retreating from the idea that the IRS is entitled to broad latitude in issuing summonses to enforce the tax laws.

*See Holifield v. United States*, 909 F.2d 201, 205 (7th Cir.1990); *Kis*, 658 F.2d at 536. If the government can come up with facts and evidence to meet its prima facie burden, Miller will have an "extraordinarily heavy burden" to rebut the prima facie case. *Kis*, 658 F.2d at 535. However, Miller need not come forward with evidence to contradict the prima facie case until the government meets its burden. We therefore VACATE the order of the district court granting enforcement of the summonses and REMAND for further proceedings.