**Winston KNAUSS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 98–6877–CIV.

United States District Court, S.D. Florida.

Oct. 29, 1998.

Stephen Finta, Ft. Lauderdale, FL, for Petitioner.

Paul Gill, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND ORDER CLOSING CASE

MORENO, District Judge.

Petitioner has filed a petition to quash an Internal Revenue Service summons that seeks records from SunTrust Bank involving transactions for the period from December 1, 1992 through January 31, 1997 concerning Winston Knauss, Sir Winston Yacht Charters, Wrecking Krew, Yacht Wrecking Krew and Celebration Yacht Charters. The tax years in question are 1993 through 1996. Arguing that the IRS may conduct only one inspection for each taxable year and that Respondent already has the information sought in its possession, Petitioner asks the Court to quash the summons as it pertains to all records for January 1, 1994 to December 31, 1996. Finding that the petition fails to state a claim upon which relief may be granted, the Court grants Respondent's motion to dismiss.

### LEGAL ANALYSIS

The Internal Revenue Code provides, regarding restrictions on the examination of taxpayers:

No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable

year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

26 U.S.C. § 7605(b).

■ However, as the government correctly asserts, the purported prohibition on multiple examinations of a taxpayer does not apply to examinations of third parties and their records, even if the records or information sought from the third party concerns the taxpayer. *See United States v. Grayson County State Bank*, 656 F.2d 1070, 1076 (5th Cir. Unit A 1981)[1] (noting that other circuits have "consistently found that Section 7605(b) is a limitation upon the examination of a taxpayer's 'books of account' and 'does not apply to an examination of books of account of a third person' ") (quoting *Geurkink v. United States*, 354 F.2d 629, 631 (7th Cir. 1965)), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982). Therefore, the prohibition on multiple examinations does not apply to the summons directed to SunTrust Bank, a third party.

■ Petitioner does not really dispute Respondent's argument on this point. Rather, Petitioner argues that the issuance of the IRS summons must satisfy the good faith test established by *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), under which the IRS must show that: "(1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry may be relevant to the purpose, (3) the information sought is not already within the IRS's possession, and (4) the proper administrative steps have been followed." *Grayson*, 656 F.2d at 1073 (citing *Powell*, 379 U.S. at 57–58, 85 S.Ct. 248).

Petitioner relies on two letters he received from the IRS in 1997 and 1998. One letter, dated January 27, 1998, refers to an examination and report regarding Petitioner's personal income tax liability for the tax period ending December 31, 1994. The second letter, signed by a revenue agent and dated April 28, 1997, asks Petitioner to appear for an examination in May 1997 regarding the corporate income tax return of Winston Development Corporation ("WDC") for the period ended September 30, 1995. Relying on these letters, Petitioner argues that the records sought in the SunTrust summons have already been provided to the IRS, and that therefore the summons is duplicative and in violation of the *Powell* good faith test.

■ However, the *Powell prima facie* test, which is applicable when the government seeks to enforce an IRS summons, does not apply where, as here, the government has moved to dismiss a petition to quash a summons. *See Cosme v. Internal Revenue Service*, 708 F.Supp. 45, 48 (E.D.N.Y.1989). "Instead, the burden shifts immediately to the petitioner to establish a valid defense to the summons." *Id.* Petitioner has failed to establish such a defense.

■ The summons that is the subject of Petitioner's motion to quash was issued by an IRS special agent, while the letters attached to the petition to quash were sent to Mr. Knauss from IRS revenue agents. Revenue agents examine returns to determine tax liability, while special agents investigate possible criminal tax fraud. *See United States v. Toussaint*, 456 F.Supp. 1069, 1072–73 (S.D.Tex.1978). Thus, an examination by an IRS special agent does not constitute unnecessary duplication of a previous examination by a revenue agent to determine tax liabilities, given the different purposes served by each examination. *See United States v. Popkin*, 623 F.2d 108, 109 (9th Cir.1980).

■ In addition, "even if the IRS already possesses some of the information, the summons[ ] should not be denied unless [it] constitute[s] an unnecessary examination or inspection." *United States v. Groos Nat'l Bank of San Antonio*, 661 F.2d 36, 37 (5th Cir. Unit A 1981) (citing *United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir. Unit A), *cert. denied*, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981)). The April 28, 1997 letter to Mr. Knauss relates to WDC, which is not even mentioned in the summons directed at SunTrust. The January 27, 1998 letter relates to an examination of Petitioner's 1994

---

1. *Grayson* was decided by the Fifth Circuit on September 21, 1981, and is thus binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981).

personal income tax return, and does not identify the documents provided to the IRS for examination. Based on the facts of this case, the Court cannot find that the summons directed to SunTrust Bank constitutes an unnecessary examination or inspection.

### CONCLUSION

It is therefore ADJUDGED that Respondent's Motion to Dismiss, filed on *September 23, 1998,* is GRANTED. The Petition to Quash Summons is dismissed with prejudice.