In the
United States Court of Appeals
For the Seventh Circuit

Nos. 01-3750 & 01-3751

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELLIS J. CRUM and NORMA N. CRUM,

Defendants-Appellants.

Appeals from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
Nos. 1:00cv446 & 1:00cv447--William C. Lee, Chief Judge.

Argued February 26, 2002--Decided May 3, 2002

Before FAIRCHILD, COFFEY, and KANNE,
Circuit Judges.

FAIRCHILD, Circuit Judge.  Ellis and
Norma Crum challenge a district court's
order enforcing two summonses that an
Internal Revenue Service revenue officer
had issued to them. The Crums contend in
substance that the applicable statutes
and regulations do not authorize
delegation of summons authority to
revenue officers of the IRS, which they
argue is part of the "Department of the
Treasury" (not of the "Treasury
Department"), and thus the district court
did not have jurisdiction to enforce the
summonses issued by the revenue officer
in this case. We affirm.

Ellis Crum owes federal income taxes for
1991, 1992, and 1993, and his wife Norma
owes taxes for 1993. In 1994 the Crums
created separate, co-managed trusts in
which they placed their primary
residence, their rental property, and
their music business. The IRS assigned
Revenue Officer John Dietrich to
investigate possible administrative
orjudicial collection against the trusts.
Pursuant to 26 U.S.C. sec. 7602, Dietrich
served summonses on the Crums to testify
and produce financial records relating to
their tax liabilities. When the Crums
refused to produce any of the records and
failed to appear at the time and place

designated in the summonses, the United States filed petitions to enforce the summonses. After consolidating both cases, the court granted the petitions and subsequently denied the Crums' joint motion for postjudgment relief. The Crums appeal only from the latter order.

The Crums argue that the district court lacked jurisdiction to enforce the summonses in this case. The Crums acknowledge that sec. 7602(a) vests summons authority in the "Secretary," which sec. 7701(a)(11)(B) defines as "the Secretary of the Treasury or his delegate." The term "delegate" is defined further in sec. 7701(a)(12)(A)(i) to include "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury." The Crums rely on the absence of statutory provisions expressly authorizing delegation to IRS employees or expressly locating the IRS in the "Treasury Department." They suggest that employees of the IRS are members of a body called the "Department of the Treasury," which, they say, Congress intended to be distinct from the "Treasury Department."

Congress has established a statutory structure that endows the IRS with extensive authority to conduct effective tax investigations. For instance, 26 U.S.C. sec. 7601 gives the IRS Commissioner, as the Secretary's delegate, "a broad mandate to investigate and audit" persons to ensure compliance with federal tax laws. United States v. Bisceglia, 420 U.S. 141, 145 (1975). As a necessary incident to this investigatory power, Congress gave the Commissioner expansive authority in sec. 7602(a) to summon any person to provide information relevant to a particular tax inquiry. Indeed, the Supreme Court has described sec. 7602 as the "centerpiece" of a much larger congressional design to expand the IRS's information-gathering authority in order to facilitate tax investigations. United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984). Under 26 U.S.C. sec.sec.7402(b) and 7604(b), district courts have jurisdiction to enforce an administrative summons in an adversarial proceeding commenced by the filing of a petition. See Donaldson v. United States, 400 U.S. 517, 523-25 (1971).

Federal regulations trace the delegation of summons authority. First, the Secretary of the Treasury has delegated summons authority to the Commissioner of the IRS. 26 C.F.R. sec. 301.7602-1(b); 26 C.F.R. sec. 301.7701-9(b); Treas. Dep't Order No. 150-10 (Apr. 22, 1982). As authorized by the Secretary, the IRS Commissioner has redelegated this authority to certain IRS employees, including revenue officers such as Officer Dietrich. 26 C.F.R. sec. 301.7701-9(c); 26 C.F.R. sec. 301.7701-9(b); IRS Delegation Order No. 4 (Rev. 22) para.para. 7 & 8. Courts consistently have recognized that IRS officers have the delegated authority to issue administrative summonses. See, e.g., Arthur Young & Co., 465 U.S. at 814 ("As a tool of discovery, the sec. 7602 summons is critical to the investigative and enforcement functions of the IRS . . . ."); United States v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999) (observing that "[t]he IRS is authorized to issue summonses" pursuant to sec. 7602); Miller v. United States, 150 F.3d 770, 772 (7th Cir. 1998) (noting that the IRS's power to issue summonses under sec. 7602 is "broad"); United States v. Derr, 968 F.2d 943, 946-47 (9th Cir. 1992) (rejecting argument that IRS District Examination revenue agent did not have delegated authority to issue summonses); United States v. Saunders, 951 F.2d 1065, 1067 (9th Cir. 1991) (rejecting argument that IRS revenue officer lacked delegated authority). Officer Dietrich had authority to issue the summonses.

The Crums rely on an alleged distinction between the "Treasury Department" and the "Department of the Treasury." They assert that the "Treasury Department" and the "Department of the Treasury" are "distinct statutory entities, each with a separate identity, history, stature, location, composition, function, and authority"; that Officer Dietrich is a revenue officer who works for the Department of the Treasury but not the Treasury Department; and that no statute authorizes delegation of summons authority to revenue officers of the Department of the Treasury. In an attempt to prove that the IRS is part of the "Department of the Treasury" (delegation to officers of which has not been authorized) and not the "Treasury

Department" (to officers of which summons authority can be delegated), the Crums rely on isolated references in the Internal Revenue Code suggesting that IRS officers belong to and perform functions for the Department of the Treasury.

This semantic argument strains credulity. It is true that there are Congressional enactments which refer to a "Department of the Treasury" and others which refer to a "Treasury Department." But we are not persuaded that Congress intended to create separate departments concerning the Treasury, nor does any purpose in doing so appear. To the contrary, there is only one department and it is referred to by different names. The executive departments are listed at 5 U.S.C. sec. 101, and that list includes only the "Department of the Treasury." 31 U.S.C. sec. 301 introduces a subchapter dealing with the organization of the "Department of the Treasury." Subsection (a) says that the Department of the Treasury is an executive department, and (b) says that it is headed by the Secretary of the Treasury.

That an agency's name takes two forms is hardly remarkable. See Neal v. Honeywell Inc., 33 F.3d 860, 863 (7th Cir. 1994) ("a statute's context (both linguistic and historical) may show that different verbal formulations have the same meaning"); W. Fuels-Utah, Inc. v. Fed. Mine Safety & Health Review Comm'n, 870 F.2d 711, 715 (D.C. Cir. 1989) ("Congress's interchangeable use of the two phrases . . . is further evidence, if any is necessary, that Congress did not intend for any distinction with substantive consequences to depend upon the linguistic variations upon which the parties here focus."). Treasury's own website deploys both forms interchangeably, at http//www.treas.gov, as do the courts, see, e.g., Robbins v. Bentsen, 41 F.3d 1195, 1196, 1197 (7th Cir. 1994); United States v. Gimbel, 830 F.2d 621, 623, 625 (7th Cir. 1987). It is interesting to note that there are style guides which confirm that these phrases are different forms of one name. The New York Times style manual, for instance, advises that "[f]or most federal departments, the briefer form State Department is preferred to Department of State." The New York Times Manual of Style and Usage 105 (1999); see also The

Associated Press Stylebook and Briefing on Media Law 71 (2000) ("The of may be dropped and the title flopped while capitalization is retained: the State Department."). We conclude that there is no merit to the Crums' position.

The district court's judgment is

AFFIRMED.