**Christopher L. ARNS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 01–2681.

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2002.*

Decided June 28, 2002.

Rehearing and Rehearing En Banc Denied Sept. 5, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, KANNE, EVANS, Circuit Judges.

## ORDER

Christopher Arns appeals an unfavorable grant of summary judgment on his petition to quash a third-party summons issued to his bank by the Internal Revenue Service. Because the district court properly granted summary judgment in favor of the government, we affirm.

Arns failed to file income tax returns for 1994 and 1995, and in 1997 the IRS launched an audit to determine his possible tax liability for those years. The IRS immediately contacted Arns and requested his assistance as it tried to determine if he was responsible for any unpaid taxes. Almost three years into its investigation, the IRS issued a summons to U.S. Bank, requesting documentation for all "mortgages, notes, lines of credit, or other security agreements entered into with Mr. Arns" and any paperwork concerning settlements Arns had paid in two civil lawsuits. The IRS also mailed notice of the summons to Arns on the same day it was issued.

Within twenty days Arns, through counsel, filed a petition in district court to quash the summons. The government responded by filing a motion to dismiss that was alternatively labeled as a motion for summary judgment. With its motion the government filed a statement of material facts as required by Local Rule 56.1 and included the affidavit of IRS revenue agent Frank Kessler. Arns responded to the government's motion and submitted his own affidavit but did not file a separate statement of material facts.

After a hearing the district court concluded that because Arns failed to file a separate statement under Rule 56.1 the facts contained in the government's statement were deemed admitted. The district court then determined that the IRS summons was enforceable because it sought documents relevant to the investigation not already in the IRS' possession and because Arns had failed to show that the IRS acted in bad faith in issuing the summons. *See United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The district court also rejected Arns' argument that the IRS violated the applicable statutory notice requirements, *see id.,* and granted summary judgment in favor of the government. The district court also denied Arns' request to strike Agent Kessler's affidavit. Arns moved for reconsideration under Federal Rule of Civil Procedure 59(e), but the district court denied his motion.

Arns, now proceeding pro se, timely filed an appeal in which he continues to challenge issuance of the summons. But he does not contest the general enforceability of the summons and instead attacks the sufficiency of Agent Kessler's affidavit, claiming that the affidavit has a multitude of deficiencies that should have prevented the district court from relying on it. A district court, however, may accept an affidavit so long as it is based on personal knowledge and facts that would be admissible. *See* Fed.R.Civ.P. 56(e); *Fed. Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1267 (7th Cir.1986). Here, the district court reasonably determined that Kessler, the IRS agent assigned to investigate Arns' tax liability, had sufficient personal knowledge to describe the events surrounding the summons' issuance, *see Miller v. United States,* 150 F.3d 770, 772 (7th Cir.1998) (per curiam) (noting that submission of the IRS agent's affidavit is the "usual" method to support a summons), and we see no support in the record for Arns' speculations that the government was not acting

**444**

in good faith when it submitted Kessler's affidavit. Therefore, the district court's decision not to strike Kessler's affidavit was not an abuse of its discretion. *See Abioye v. Sunstrand Corp.*, 164 F.3d 364, 368 (7th Cir.1998).

Next, Arns argues that the IRS violated 26 U.S.C. § 7602(c) because it did not notify him before contacting the bank about the information it needed. To address this argument, we must be specific about the timing of the events at issue here. Agent Kessler initially contacted U.S. Bank by phone in October 1997, and at that time, § 7602(c) did not require advance notice to taxpayers before a third party was contacted. *See* Internal Restructuring and Reform Act of 1998, Pub.L. 105–206, sec. 3417(a) (1998) (providing that the amendments made to § 7602 that require advance notice to taxpayers "shall apply to contacts made after the 180th day after the date of the enactment of this Act [July 22, 1998]"). Therefore, we disagree with Arns' contention that any prior notice was necessary.

Arns also argues that the district court failed to consider the impact of the IRS' responses to the Freedom of Information Act requests (FOIA), *see* 5 U.S.C. § 552, that Arns allegedly submitted during the course of the ongoing tax investigation. But Arns' FOIA argument is irrelevant. The record does not contain any FOIA requests submitted by Arns, although it does contain two partially redacted letters from the IRS to Arns' attorney that Arns refers to as "FOIA responses." Moreover, he attempts to improperly fold his FOIA claim into his petition to quash the summons instead of filing a separate complaint as dictated by the FOIA to enjoin the IRS to turn over the requested information.

*See* 5 U.S.C. § 552(a)(4)(B). Thus, we reject Arns' argument that the IRS somehow violated the FOIA.

Arns also raises a host of other arguments about the insufficiency of the government's statement of material facts and the district court's grant of summary judgment, but none of his arguments merit discussion. Therefore, the judgment of the district court is AFFIRMED.