**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul R. STOUT, Defendant–Appellant.**

**No. 03–1366.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 20, 2003.*

Decided Aug. 20, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Janet Bradley, Department of Justice, Tax Division, Appellate Section, Washington, DC, for Plaintiff–Appellee.

Paul R. Stout, Ashton, IL, Pro se.

Before BAUER, KANNE, and EVANS, Circuit Judges.

## ORDER

The United States filed a complaint to foreclose a federal tax lien that attached to Paul Stout's right to receive pension payments from The Northern Trust Company under the Quaker Oats Company Retirement Plan. The district court granted the United States' motion for summary judgment, entering judgment in the amount of $466,204.44 and ordering that Northern Trust thereafter pay Stout's monthly pension benefit of $711.38 directly to the United States. On appeal, Stout generally contests the validity and constitutionality of the judgment underlying the lien. But the Tax Court issued its judgment against Stout in 1986, and Stout did not file a notice of appeal within 90 days of the Tax Court's final decision as required under 26 U.S.C. § 7483. Judicial review of the tax assessment is no longer available, and the issue before the district court was the propriety of foreclosure, not the validity of the lien. In order to foreclose on the lien, the government had to show only that pension benefits were actually payable to Stout and that the lien remained unsatisfied, *see* 26 U.S.C. § 6331(j), and Stout disputes neither of these points.

Stout's only other argument is that the district court lacked jurisdiction because the caption of the complaint in this case named as plaintiff the "United States of America," rather than the "United States." But the terms "United States of America" and "United States" are used interchangeably, *see generally, e.g.,* U.S. Const. pmbl, and Stout's argument is a nonsensical exercise in semantics, *cf. United States v. Crum,* 288 F.3d 332, 334 (7th Cir.2002) (argument that the Department of the Treasury and the Treasury Department are separate entities "strains credulity"). In short, Stout's appeal is frivolous, and the judgment of the district court is AFFIRMED.