**James C. LINTZENICH, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. IP–04–113–MISC.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 26, 2005.

Thomas J. Costakis, Krieg DeVault LLP, Indianapolis, IN, Barbara T. Kaplan, Greenberg Traurig LLP, New York City, for Petitioner.

Michael W. Davis, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, Jeffrey L. Hunter, Office of the United States Attorney, Southern District of Indiana, Indianapolis, IN, for Respondent.

### ORDER ON PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONS

MCKINNEY, Chief Judge.

This matter comes before the Court on Petitioner's, James C. Lintzenich ("Lintzenich"), Petition to Quash Internal Revenue Service Summons pursuant to 26 U.S.C. § 7609(b)(2). Lintzenich petitions the Court to quash a Third Party Summons ("Summons") issued on or about October 6, 2004, by the Department of the Treasury, Internal Revenue Service ("IRS"), to Lumina Foundation for Education, Inc. ("Lumina Foundation"), formerly USA Group, Inc. ("USA Group"), seeking records regarding an IRS matter involving Lintzenich's 1999 and 2000 tax years, relating to Lintzenich's alleged liability for excise taxes under 26 U.S.C. § 4958. Respondent,

in turn, petitions the Court to enter an order enforcing Summons requests 1, 2 and 4. The Court has jurisdiction pursuant to 26 U.S.C. § 7609(b), (h), and 28 U.S.C. § 1340.

For the reasons stated herein, the Court **GRANTS** Respondent's Petition to Enforce Summons, and **DENIES** Petitioner's petition to quash.[1]

## I. *BACKGROUND*

Lintzenich was employed by USA Group or its predecessors from December 1, 1982, until July 31, 2000, the date of USA Group's sale to SLM Holdings, Inc. ("Sallie Mae"). *See* Pet.'s Aff. ¶ 5. USA Group was a 26 U.S.C. § 501(c)(3) publicly supported tax-exempt organization until the sale of its assets to Sallie Mae. After the sale and a name change, USA Group became a tax-exempt private foundation, Lumina Foundation. Petition, ¶ 3.

On or about October 6, 2004, the IRS issued a summons to Lumina Foundation, purportedly in connection with an examination of Lintzenich for the calendar years ending December 31, 1999, and December 31, 2000. The tax periods being examined by the IRS relate to Lintzenich's alleging liability, as a "disqualified person" with respect to USA Group, for an excess benefit excise tax[2] under 26 U.S.C. § 4958.

The Summons seeks the following records:

1. Minutes of the Board of Directors and any committee meeting minutes to include, but not limited [sic], the Executive Committee and the Compensation Committee for the calendar years 1999, 2000.

2. All organizational charts showing ties between the various corporations and/or organizations affiliated with or related to your organization [Lumina Foundation], for the calendar years 1999 and 2000.

3. Copy of all IRS private letter rulings or court cases involving IRS tax matters, pertaining to [the Foundation] covering the calendar years 1999 and 2000.[3]

4. A copy of all Purchase Agreements regarding the sale of the assets of [USA Group and its subsidiaries] to SLM Holding, Inc. on July 31, 2000. This is to include all schedules, exhibits, agreements and employment contracts referenced in the Purchase Agreements.

Petition, Exh. 1.

According to a letter Lintzenich received from the IRS, dated August 23, 2004, the examination of Lintzenich relates to the sale of assets by USA Group and its subsidiaries to Sallie Mae on July 31, 2000. *See* Pet.'s Aff., ¶ 3. USA Group reported the sale of the assets to Sallie Mae on its Form 990 return covering the period Octo-

---

1. Lintzenich's January 12, 2005, request for oral argument is denied as MOOT. A proceeding to enforce a tax summons is meant to be summary in nature, and it is left to the Court's discretion to determine whether a hearing is necessary. *See* 26 U.S.C. § 7604; *United States v. BDO Seidman,* 337 F.3d 802, 810 (7th Cir.2003).

2. An excess benefit excise tax may be imposed on a disqualified person who: (i) engages in a transaction with an "applicable tax-exempt organization," such as USA Group; (ii) in which an economic benefit is provided by the organization, directly or indirectly, to or for

the use of the disqualified person; and (iii) where the value of the economic benefit provided by the organization exceeds the value of the consideration (including the performance of services) received by the organization. *See* 26 U.S.C. § 4958(c)(1)(A).

3. The IRS no longer seeks the documents contained in this request, so the question of whether Lumina Foundation should be required to produce them is moot. It also renders irrelevant Lintzenich's argument that the documents sought are already in the possession of the IRS. *See* Resp.'s Mem. Supp. at 2.

**974**

ber 1, 1999, through July 31, 2000. Petition, ¶ 9. This was USA Group's last return as a tax-exempt 26 U.S.C. § 501(c)(3) organization. Petition, ¶ 3. The face of the Form 990 shows that the return was filed no later than December 19, 2000, the date it was stamped "received" by the IRS Service Center. Petition, ¶ 10.

## II. DISCUSSION

The authority of the IRS to issue a summons to a third party derives from 26 U.S.C. § 7602(a), which authorizes the IRS to obtain information for the purpose of "determining the liability of any person for any internal revenue tax." The taxpayer about whom the information is being sought has the right to begin a proceeding to quash the summons issued to the third party. See 26 U.S.C. § 7609(b)(2). In summons enforcement actions, the Seventh Circuit has stressed that proceedings are intended to be summary in nature. See United States v. Kis, 658 F.2d 526, 536 (7th Cir.1981), cert. denied, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982). They occur, after all, at only the investigative stage of any action against a taxpayer, and no guilt or liability on the part of the taxpayer is established. See id. The sole reason for the proceedings and for permitting the taxpayer to intervene under § 7609 is to ensure that the IRS has issued the summons for proper investigatory purposes under § 7602 and not for some illegitimate purpose (such as, for example, using a civil summons to gather evidence to be used solely in a criminal prosecution). Id. (citing United States v. LaSalle National Bank, 437 U.S. 298, 316, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978) ("The purpose of the good faith inquiry is to determine whether the agency is honestly pursuing the goals of § 7602 by issuing the summons.")). For these reasons, the burden is on the taxpayer to prove Government wrongdoing is significantly greater than that on the Government to show its legiti-

mate purposes. See Kis, 658 F.2d at 536 (internal citation omitted).

To obtain enforcement of an administrative summons, the government need only present a prima facie case that the IRS issued the summons in good faith. See 2121 Arlington Heights Corp. v. IRS, 109 F.3d 1221, 1224 (7th Cir.1997). In determining whether a petition to quash a summons directed at third parties should be granted, courts in this Circuit apply the same criteria enunciated by the United States Supreme Court in United States v. Powell, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), for determining whether a summons should be enforced:

[T]he Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed....

See also Miller v. United States, 150 F.3d 770, 772 (7th Cir.1998); 2121 Arlington Heights, 109 F.3d at 1224; Kis, at 658 F.2d at 536. "This isn't much of a hurdle." 2121 Arlington Heights, 109 F.3d at 1224. The government typically satisfies its burden by presenting the sworn affidavit of the revenue agent conducting the investigation. See Miller, 150 F.3d at 772; Kis, 658 F.2d at 536 ("No more than that is necessary to make out a prima facie case."). This case is no exception. The Government has provided the Court with the Declaration of David M. Zwickl ("Zwickl"), commissioned Revenue Agent, employed in the Tax Exempt and Government Entities Division of the IRS at India-

napolis, Indiana. *See* Zwickl Decl., ¶ 1. Zwickl declared that the IRS was investigating whether Lintzenich received an excess benefit, as defined by § 4958; that the books, papers, records, or other data requested in the Summons is necessary to properly investigate the federal tax liability of Lintzenich for the calendar years ending December 31, 1999, and December 31, 2000; that the IRS didn't already have the information; and that the IRS complied with the tax code when it issued the Summons. *See id.,* ¶¶ 2, 3, 5, 11, 15, 17. The Declaration touches all the bases covered by *Powell.*

Because the government made its *prima facie* showing, the burden shifts to Litzenich, either to disprove one or more of the *Powell* factors, or by "pointing to specific facts suggesting that the IRS issued the summons in bad faith." *2121 Arlington Heights,* 109 F.3d at 1224. *See also Powell,* 379 U.S. at 58, 85 S.Ct. 248. Lintzenich seeks only to disprove the first *Powell* factor, that the Summons was issued for a legitimate purpose, and makes no allegation of bad faith. Lintzenich's sole argument is that the issuance of the Summons by the IRS is an abuse of process because the IRS is not authorized to assess an excise tax under § 4958 against Lintzenich for the calendar years 1999 and 2000 because the statute of limitations with respect to calendar years 1999 and 2000 has expired, thereby precluding the IRS from assessing excise tax under § 4958.[4] *See* Pet.'s Mem. Supp. at 5.

In general, the statute of limitations for assessing an excise tax pursuant to § 4958 is three years. *See* 26 U.S.C. § 6501(a). The statute of limitations begins to run on the later of (i) the date the tax-exempt organization files Form 990, or (ii) the due date for such return. *See* 26 U.S.C. § 6501(b)(1) and (b)(4). Thus, the statute of limitations with respect to Lintzenich is determined by reference to USA Group's Form 990 filing for the year of the sale of the assets to Sallie Mae. USA Group filed its Form 990 for the year ending July 31, 2000, no later than December 19, 2000, the date the IRS Service Center received the return. Therefore, the three-year statute of limitations for assessing an excise tax against Lintzenich under § 4958 began to run no later than December 19, 2000, and expired no later than December 19, 2003.

■ A six-year statute of limitations will apply in limited instances if the applicable tax-exempt organization's return omits more than 25% of the excise taxes reported in the return; however, the six-year statute does not apply to tax omitted that has been adequately disclosed in the return. *See* 26 U.S.C. § 6501(e)(3). Lintzenich's position hinges entirely on his argument that the six-year statute of limitations is inapplicable in this case. *See* Pet.'s Mem. Supp. at 6–9 (arguing that the transaction at issue was adequately disclosed under § 6501(e)(3), thereby requiring adherence to the standard three-year statute of limitations). However, this argument proves inconsequential. The fact that a Summons was directed to tax assessments that were beyond the applicable statute of limitations did not deter the Supreme Court, in *Powell,* 379 U.S. at 58, 85 S.Ct. 248 (1964), from concluding that a summons would serve a legitimate purpose. As stated by the Court: "The burden of showing an abuse of the court's process is on the taxpayer, and it is not

---

4. In other words, Lintzenich asserts that the IRS is authorized to issue a summons "for the purpose of . . . determining the liability of any person for any internal revenue tax," 26 U.S.C. § 7602(a), and because the statute of limitations has expired, no "determination of liability" for such excise tax can be made, and the Summons is therefore improper and an abuse of process. *See id.*

met by a mere showing ... that the statute of limitations for ordinary deficiencies has run ..." *Id.* at 85, 85 S.Ct. 248. The same analysis applies here. The question of whether the three-year or six-year statute of limitations applies is irrelevant for the purposes of the instant motion, as the Subpoena is enforceable under either scenario.

Along the same lines, the Seventh Circuit Court of Appeals in *Kis* has found that the Government should not be barred from reopening an investigation into previously closed tax years in its inquiry in summons enforcement proceeding because the ordinary three-year statute of limitations *could be* extended to six years with a substantial understatement of income under § 6501(e), and the taxpayers' burden of showing an abuse of process was not met by a mere showing that the statute of limitations for ordinary deficiencies had run. 658 F.2d at 528 (*citing* 26 U.S.C.A. §§ 6501(e), 7602, 7604) (emphasis added). In this case, the statute of limitations for ordinary deficiencies may or may not have run, but the proposed investigation serves a proper purpose in addressing factual questions which must precede a finding of tax liability, including, but not limited to, whether more than 25% of the excise taxes was omitted in the return, and whether the transaction was adequately disclosed under § 6501(e)(3).

■ The Court's role in a summons proceeding is limited to determining whether the particular summons is a legitimate exercise of the IRS's investigative authority; the Court is not empowered to second guess the wisdom of the IRS's investigative decisions. *See Tiffany Fine Arts,* 469 U.S. 310, 323, 105 S.Ct. 725, 83 L.Ed.2d 678 (1985). The enforcement of an administrative Summons invokes a summary proceeding which, in the ordinary course, does not involve discovery, and is not consumed with the ultimate resolution of the

contested facts or principles of law. *See e.g., United States v. Mueller,* 930 F.2d 10, 12 (8th Cir.1991) (holding that taxpayer could not use enforcement proceedings to contest the validity of the underlying assessments). The IRS' broad power to investigate possible violations of the tax laws is understood to be vital to the efficacy of the federal tax system, "which seeks to assure that taxpayers pay what Congress has mandated and to prevent dishonest persons from escaping taxation thus shifting heavier burdens to honest taxpayers." *United States v. Bisceglia,* 420 U.S. 141, 146, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975). As the Supreme Court has noted, "the very language of [26 U.S.C.] § 7602 reflects ... a congressional policy choice in favor of disclosure of all information relevant to a legitimate IRS inquiry." *United States v. Arthur Young & Co.,* 465 U.S. 805, 816, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984).

In sum, Lintzenich's argument fails because the taxpayer's burden "of showing an abuse of process in a summons enforcement proceeding is not met by a mere showing that the statute of limitations for ordinary deficiencies has run." *Powell,* 379 U.S. at 58, 85 S.Ct. 248. *See also Kis,* 658 F.2d at 543. Because Lintzenich could not show that "the government has abandoned in the institutional sense its pursuit of possible civil penalties," the government is entitled to enforcement of the summons. *Kis,* 658 F.2d at 538 (*quoting United States v. Moll,* 602 F.2d 134, 138 (7th Cir.1979)).

### III. *CONCLUSION*

For the foregoing reasons, the Court **GRANTS** Respondent's, United States of America, Petition to Enforce Summons, and **DENIES** Petitioner's, James C. Lintzenich, petition to quash. Lumina Foundation for Education, Inc., is hereby

ordered to comply with Summons requests 1, 2, and 4 no later than February 25, 2005.