**John P. WILDE, Petitioner,**

v.

**The UNITED STATES of America, Respondent.**

**No. 04–MC–0031–PHX–MHM.**

United States District Court, D. Arizona.

June 27, 2005.

John P. Wilde, Phoenix, AZ, pro se.

Jennifer A. Giaimo, US Dept. of Justice, Washington, DC, for Respondent.

## ORDER

MURGUIA, District Judge.

Petitioner, proceeding pro se, commenced this action on April 2, 2004 by filing a petition to quash a third-party summons issued by the Internal Revenue Service ("IRS"). (Doc. 1). Petitioner filed a first amended petition to quash on October 12, 2004. (Doc. 10).[1] Respondent has filed a motion to dismiss the first amended petition to quash (Doc. 11), Petitioner has filed a response (Doc. 13) and Respondent has filed a reply. (Doc. 14).

In his first amended petition to quash, Petitioner alleges that on or about March 15, 2004, Respondent, through Revenue Agent Wayne Johnson, served notice on Petitioner via certified mail that a summons had been served upon Greenpoint Mortgage Funding, Inc., concerning "the matter of John A. Wilde." Petitioner contends that the summons issued in furtherance of an investigation into his alleged promotion of an abusive shelter scheme. Petitioner contends in the petition to quash that the summons is defective and unenforceable based on several grounds, including that the IRS (1) failed to properly establish the delegation of authority to the Revenue Agent who signed the summons; (2) failed to comply with the requirements concerning service; and, (3)

---

**1.** The first amended petition references a copy of the summons as Exhibit A. (Doc. 10, ¶ 5). A copy of the summons is not attached to the first amended petition to quash.

failed to restrict the scope of the summons to those documents that are relevant to the IRS investigation. Petitioner also alleges that the Revenue Agent who issued the summons failed to follow all of the administrative steps required with respect to the issuance of the summons.

■ Respondent states in its motion to dismiss that it is not filing a counter-petition to enforce the summons. Rather, Respondent has moved to dismiss the petition to quash under Fed.R.Civ.P. 12(b)(6) and it therefore is not required to establish a prima facie case for enforcement under *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In such circumstances, "the burden shifts immediately to the petitioner to establish a valid defense to the summons." *Knauss v. United States*, 28 F.Supp.2d 1252, 1254 (S.D.Fla.1998)(quoting *Cosme v. Internal Revenue Service*, 708 F.Supp. 45, 48 (E.D.N.Y.1989)). In order to establish a valid defense to the summons, the Petitioner must present specific facts from which the court could infer a significant possibility of wrongful conduct by the government. *Jungles v. United States*, 634 F.Supp. 585, 586 (N.D.Ill.1986). As explained in *Cosme*, "when faced with a petition to quash an IRS third-party summons, the government need not move to enforce the summons. Instead the government can rely on the voluntary compliance of third parties to effectuate the summons." *Cosme*, 708 F.Supp. at 48. The government's motion to dismiss mirrors a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim for relief. *Id.*

In this case, Petitioner has not established a valid defense to the summons. Congress has given the IRS a broad mandate to investigate and audit persons to ensure compliance with the federal tax laws. *Upton v. I.R.S.*, 104 F.3d 543, 545 (2d Cir.1997). Title 26, United States Code, section 7602(a) authorizes the Com-missioner of the IRS, as the Secretary of the Treasury's designee, to examine "any books, papers, records, or other data which may be relevant" to the purpose of ascertaining or determining the liability of any person for any internal revenue tax. Challenges to this delegation of authority have been consistently rejected. *See United States v. Derr*, 968 F.2d 943, 946–47 (9th Cir.1992)(rejecting argument that IRS Revenue Agent lacked delegated authority to issue summonses). *See also, United States v. Crum*, 288 F.3d 332, 334 (7th Cir.2002)(federal regulations establish a delegation of authority to the IRS to issue summonses).

■ As the second ground asserted in his Petition, Petitioner contends that the IRS failed to comply with the statutory requirements regarding service on the summonsed party Greenpoint Mortgage, in that the Revenue Agent mailed the summons by first class mail to Greenpoint Mortgage instead of delivering it in hand to a responsible company officer. As Respondent has pointed out in its motion to dismiss, under 26 U.S.C. § 7609(a)(1), the taxpayer identified in the summons issued to a third party is entitled to receive notice of the summons. Section 7609(a)(2) provides that such notice is sufficient if the summons is mailed by certified or registered mail to the last know address of the taxpayer. Petitioner states in the amended petition to quash that he was served with notice of the summons by certified mail. (Doc. 10, ¶ 5). Petitioner lacks standing to challenge service of the summons on the third-party record keeper. *Wright v. United States*, 964 F.Supp. 336, 338 (M.D.Fla.1997)(petitioner's objection to service by mail of IRS summons on third-party record keeper rejected for lack of standing), *aff'd*, 132 F.3d 1461 (11th Cir.1997)(Table)..

■ Regarding his third and fourth grounds, Petitioner has asserted conclusory allegations that the summons is not restricted in scope to information relevant to the investigation and the Revenue Agent failed to follow the required administrative steps. The Court is not required to assume as true legal conclusions merely because they are cast in the form of factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981). Such conclusory allegations, factually unsupported, are insufficient to state a valid defense to the summons. *See Epstein v. Washington Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996)(conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim).

The Court concludes that Respondent's motion to dismiss the first amended petition for failure to state a claim for relief under Rule 12(b)(6) should be granted.

**Accordingly,**

**IT IS ORDERED** that Respondent's motion to dismiss the first amended petition to quash third-party summons (Doc. 11) is granted.

**IT IS FURTHER ORDERED** that the first amended petition to quash is dismissed.